IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RACHELLE J. NELSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-2170-JPO |
| ) | |
| HERFF JONES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

I. Introduction

On April 26, 2007, the plaintiff, Rachelle J. Nelson, pro se, filed this employment discrimination case against her former employer, Herff Jones, Inc. ("Herff Jones"), alleging race discrimination, racial harassment, and retaliation, pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e et seq. ("Title VII") (doc. 1). In addition to Herff Jones, plaintiff also named four supervisory employees as defendants, namely, John McNown, Erin Cecil, Patricia Goodfriend, and Cynthia Brotherton. On October 25, 2007, pursuant to Fed. R.. Civ. P. 12(b)(6), the court granted the individual defendants' motion to dismiss the complaint for failure to state a claim upon which relief can be granted, i.e., because Title VII does not allow for claims against individual employees of a corporate employer (doc. 42). This case is now before the court on the motion of the sole remaining

defendant, Herff Jones, for dismissal as a sanction (**doc. 60**).[1] On January 25, 2008, mindful that the final pretrial conference was scheduled for February 8, 2008, the court entered an order expediting plaintiff's response deadline on the motion to dismiss to February 4, 2008, and likewise expediting defendant's reply brief deadline to February 7, 2008 (doc. 62). Plaintiff has not filed any response to defendant's motion to dismiss, timely or otherwise. The motion could be granted solely on the grounds it is unopposed, because D. Kan. Rule 7.4 provides: "If a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." But in an abundance of caution the court will address the merits of the motion.

## II.  Factual Background

On June 22, 2007, the court issued an order setting this case for a telephone scheduling conference (doc. 19).  A copy of the order was sent to plaintiff by regular mail to the address listed on plaintiff's complaint.  On August 9, 2007, the court convened the scheduling conference.  Defendant appeared through its counsel.  Plaintiff, however, failed to appear; both of the telephone numbers plaintiff earlier had provided reportedly had been disconnected, and plaintiff failed to contact the court with another number at which she could be reached for the scheduling conference. In any event, after the conference, the court issued

---

[1] On September 10, 2007, with the written consent of all parties, this case was reassigned for ultimate disposition, from the presiding U.S. District Judge, Hon. Julie A. Robinson, to the undersigned U.S. Magistrate Judge, James P. O'Hara (*see* doc. 40).

a scheduling order which noted plaintiff's prior agreement, as recited in the report of the parties' planning conference pursuant to Fed. R. Civ. P. 26(f), that she would appear for her deposition in Kansas even though she had moved to Florida (doc. 31). The scheduling order was mailed to plaintiff by regular and certified mail.

During the first week of November 2007, defense counsel attempted to contact plaintiff by e-mail and telephone to schedule a mutually agreeable time for her deposition; however, plaintiff did not respond. Defense counsel then unilaterally selected November 20, 2007 as the date for plaintiff's deposition and served plaintiff with a notice of deposition on November 9, 2007. The notice required plaintiff to appear for her deposition at defense counsel's office in Overland Park, Kansas. Plaintiff did not respond to this notice or the e-mail that transmitted the notice.

On the November 16, 2007, defense counsel called plaintiff at work and she accepted that call. During the ensuing conversation, plaintiff announced she was willing to appear for her deposition, but only by telephone. Counsel explained why that was not acceptable, and reminded plaintiff that she previously had agreed to appear for her deposition in Kansas.

On November 16, 2007, plaintiff filed an untitled document in which she asked the court to order defendant to conduct her deposition by teleconference (doc. 44). In response, on November 30, 2007, the court convened a telephone status conference. After hearing argument from the parties, the court denied plaintiff's request and entered an amended scheduling order, specifically requiring plaintiff to appear for her deposition at defense counsel's office in Overland Park, Kansas on December 21, 2007 (doc. 46). As ordered by

the court, defense counsel properly served plaintiff with an amended notice of deposition to this effect (doc. 48).  As December 21, 2007 approached, plaintiff again informed defense counsel that she could not come to Kansas.  This time, she claimed her employer would not permit her to miss work to appear for her deposition.

On December 18, 2007, the court convened another telephone status conference. During the conference, plaintiff informed the court she could appear in Kansas on a Saturday for her deposition.  Therefore, the court entered a second amended scheduling order on December 18, 2007, in which it specifically ordered plaintiff to appear for her deposition on Saturday, January 12, 2008, at defense counsel's office in Overland Park, Kansas (doc. 52). Defense counsel served plaintiff with a second amended notice of her deposition on that date.

Plaintiff failed to appear for her noticed deposition on January 12, 2008.  Ten minutes after the appointed starting time, defense counsel tried to reach plaintiff, calling both her home and mobile telephone numbers, but plaintiff did not answer.  Counsel then left messages for plaintiff explaining that he, a Herff Jones representative, and the court reporter had assembled for her deposition. The messages also asked plaintiff to return the call and left the phone number of defense counsel's mobile phone.  Approximately ten minutes later, a text message with an attachment arrived on defense counsel's mobile telephone. The attachment was a recorded message from plaintiff.  Plaintiff did not explain why she had not answered her phones or why she had not simply returned counsel's call.  Instead, she advised that she was not coming to the deposition, that she was "under the weather," and there were "a lot of things going on in her life."

On January 24, 2008, defendant filed the instant motion for sanctions. Upon receipt of the motion, the court entered an order on January 25, 2008, reiterating the final pretrial conference was set for February 8, 2008, at 1:30 p.m., in the U.S. Courthouse, Room 236, 500 State Avenue, Kansas City, Kansas. The court also included the following language:

> In light of the fact that plaintiff apparently did not appear for her scheduled deposition on January 12, 2008, and in light of the recent filing of defendant's motion to dismiss (doc. 60), defense counsel is hereby relieved of the . . . obligation to submit a proposed pretrial order. Plaintiff is warned that if she fails to appear at the final pretrial conference on February 8, 2008, the court will be strongly inclined to dismiss this case as a sanction, with prejudice to the case being re-filed later, pursuant to Fed. R. Civ. P. 16(f)(1)(A)[footnote omitted].

On February 7, 2008, a member of the court's staff contacted plaintiff to inquire as to whether she intended to appear at the final pretrial conference scheduled the following day. She stated she would not be appearing for the pretrial conference. On February 8, 2008, the court and defense counsel were ready to proceed with the final pretrial conference as scheduled. As expected, plaintiff did not appear.

### III.  Analysis and Discussion

Defendant seeks sanctions against plaintiff pursuant to Fed. R. Civ. P. 37(b) and (d), specifically dismissal of this case with prejudice and an award of fees and costs. "A district court undoubtedly has discretion to sanction a party for failing to prosecute . . . a case, or for failing to comply with local or federal procedural rules."[2] The rules authorize sanctions,

---

[2] *Llamas v. City of Topeka, Kan.*, No. 04-4080, 2005 WL 767848, at *4 (D. Kan. Mar. 8, 2005) (quoting *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002)).

including dismissal, for conduct such as failing to obey discovery orders, Fed. R. Civ. P. 37(b)(2)(A), failing to appear for a properly noticed deposition, Fed. R. Civ. P. 37(d)(3), or failing to comply with court rules or a court order, Fed. R. Civ. P. 41(b).  In this case, plaintiff is also subject to sanctions under Fed. R. Civ. P. 16(f) for failing to attend the scheduling and pretrial conferences.  In any event, the appropriateness of a dismissal sanction under any of these rules is a determination made under the same criteria.[3]

> Because of its harshness, dismissal with prejudice is reserved for those cases involving "willfulness, bad faith, or [some] fault" by the party to be sanctioned.  "Because dismissal with prejudice defeats altogether a litigant's right of access to the courts, it should be used as a weapon of last, rather than first, resort." The following factors are to be considered before dismissing the case as a sanction: "'(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.'"  Dismissal is appropriate if "'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'"[4]

With regard to the first factor, the court finds defendant has suffered actual prejudice as a result of plaintiff's failure to appear for the scheduling conference, her deposition, and the final pretrial conference, as ordered by the court.  Plaintiff's continued failure to appear for her deposition has precluded the defendant from conducting basic discovery regarding plaintiff's allegations.  Defense counsel has expended considerable time and effort in

---

[3] *Id.* (citing *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994)).

[4] *Dougherty v. City of Stockton*, No. 05-4145, 2006 WL 2548192, at *1 (D. Kan. Aug. 29, 2006) (citations omitted).

contacting plaintiff to schedule her deposition, and in appearing on a Saturday to accommodate plaintiff. Defense counsel has also had to expend additional time and resources to file the instant motion for sanctions as the result of plaintiff's disregard for the court's orders. This factor weighs strongly in favor of dismissal.

The second factor concerns interference with the judicial process. "Failure to comply with the rules of discovery often makes it impossible for cases 'to proceed with any degree of regularity or to be resolved in a "just, speedy and inexpensive" manner.'"[5] Plaintiff's repeated failure to appear for her deposition has clearly caused delay which has disrupted the judicial process. As stated above, plaintiff's repeated refusal to appear for her deposition has resulted in the necessity of two telephone hearings and the filing of the instant motion for sanctions. This factor also weighs in favor of dismissal.

The third factor concerns the culpability of plaintiff. Since plaintiff is proceeding pro se, she is solely culpable. This factor weighs in favor of dismissal.

The fourth factor concerns notice. Plaintiff was warned on numerous occasions that failure to comply with the court's orders may result in dismissal as a sanction, the most recent of which is the court's order of January 25, 2008, which is referenced above. Despite these warnings, plaintiff willfully refused to appear for her deposition and the final pretrial conference. This factor weighs in favor of dismissal.

---

[5] *Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 649 (D. Kan. 1999) (quoting *FDIC v. Renda*, 126 F.R.D. 70, 73 (D. Kan. 1989)).

The fifth and final factor concerns the efficacy of imposing of a lesser sanction. The court that it is the combination of plaintiff's failure to appear for the scheduling conference, her repeated failure to appear for her deposition despite her continued representations to defense counsel and the court that she would appear, and her failure to appear at the final pretrial conference that warrants the imposition of a severe sanction such as dismissal. This factor also weighs in favor of dismissal.

The court is of the opinion that the aggravating factors discussed above all heavily outweigh the presumption in favor of resolution on the merits. Therefore, the court finds plaintiff's case should be dismissed in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 37(b) and (d), and 41(b).

Lastly, under Fed. R. Civ. P. 37(b) and (d) and Fed. R. Civ. P. 16(f), the court could also award fees and costs against plaintiff as a further sanction. However, the court finds dismissal of plaintiff's case, with prejudice, is an adequate sanction under the circumstances.

IV.   Conclusion and Order

In consideration of the foregoing, all of plaintiff's claims in this case shall be dismissed, with prejudice.

IT IS HEREBY ORDERED:

1.   Defendant's motion for sanctions (**doc. 60**) is granted in part and denied in part.

      2.      The Clerk's Office is directed to enter a separate judgment against plaintiff and in favor of defendant, as provided by Fed. R. Civ. P. 58, with court costs assessed against plaintiff.

      3.      Copies of this memorandum and order, and the accompanying judgment, shall be mailed by the Clerk's Office to plaintiff by regular and certified mail, return receipt requested. Copies of the same shall be electronically served on defense counsel of record via the court's Electronic Case Filing ("ECF") System.

Dated this 13th day of February 2008, at Kansas City, Kansas.

                           s/James P. O'Hara
                           James P. O'Hara
                           U.S. Magistrate Judge